# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GARRETT SMITH, MD,

       Plaintiff

                                Case No. 2:23-CV-11384

-v-                                 Hon.

                                Magistrate

WAYNE COUNTY, a
Municipal Corporation, and
SOUTHEASTERN MICHIGAN
HEALTH ASSOCIATION, a
Domestic Non-Profit Corporation

       Defendant.
_____

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
bkoncius@kbogaslaw.com

---

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff GARRETT SMITH, MD, by and through his attorneys,

Bogas & Koncius, PC and brings his Complaint as follows:

1

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff GARRETT SMITH, MD ("Plaintiff" or "Dr. Smith") is a resident of the City of Detroit, State of Michigan.

2.     Defendant WAYNE COUNTY ("Defendant") is a Municipal Corporation organized under the laws of Michigan, which conducts business in and which has its headquarters and thereby resides in Wayne County, Michigan, within the Eastern District of Michigan.

3.     Defendant SOUTHEASTERN MICHIGAN HEALTH ASSOCIATION ("Defendant" or "SEMHA") is a Non-Profit Corporation organized under the laws of Michigan, which conducts business in and which has its headquarters and thereby resides in Wayne County, Michigan, within the Eastern District of Michigan.

4.     This action arises under the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. § 2000e, *et seq.,* Michigan's Elliot-Larsen Civil Rights Act (ELCRA), M.C.L.A. § 37.1101, *et seq.*, 42 U.S.C. § 1981 (Section 1981) of the United States Constitution.

5.     The facts and unlawful employment practices within the meaning of The Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, *et seq.* (Title VII), Michigan's Elliot-Larsen Civil Rights Act (ELCRA), M.C.L.A. § 37.1101, *et*

*seq.*, and 42 U.S.C. § 1981, giving rise to this Complaint, occurred at the Wayne County Juvenile Detention Facility's Hamtramck Dickerson Jail ("WCJDF") in the City of Hamtramck, State of Michigan and in Defendant's respective headquarters in the City of Detroit, State of Michigan.

6.      Defendants are employers and Plaintiff was their employee within the meaning of The Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, *et seq.* (Title VII) The Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq.* (ELCRA), and 42 U.S.C. § 1981.

7.      The amount in controversy exceeds $75,000.00, exclusive of costs, interests, and attorney fees.

8.      This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims).  This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

9.      Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.A. § 1391(b) and (c).

10.      This is an action brought pursuant to The Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, *et seq.* (Title VII) and The Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq.* (ELCRA), 42 U.S.C. § 1981 seeking

injunctive relief, and equitable, declaratory, and money damages against Defendant, as set forth herein.

11.     On March 13, 2023, within 300 days of Defendant's adverse employment action, Plaintiff sought to file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Wayne County.

12.     Plaintiff electronically signed the Charge of Discrimination on March 16, 2023.

13.     The EEOC issued a Right to Sue letter dated March 13, 2023.

14.     On June 1, 2023, within 300 days of Defendant's adverse employment action, Plaintiff sought to file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against SEMHA.

15.     No Right to Sue has been issued regarding that charge as of the time of filing of this Complaint.  However, as soon as received, Plaintiff anticipates filing a Motion to Amend this Complaint to add the Federal Charges against SEMHA and/or to Amend as of right depending on the timing of the same.

16.     Plaintiff's Charges were filed within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

17.     Plaintiff received his Notice of Suit Rights on his Charge against Wayne County, and he has filed this Complaint within 90 days of receiving his Notice of Rights.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

19.     Plaintiff is a Black male who was employed by Defendants throughout the period of time giving rise to his Complaint.

20.     Plaintiff was employed by SEMHA and contracted to WCJDF by Wayne County.

21.     At all times relevant hereto, Plaintiff performed his job diligently.

22.     Plaintiff was subjected to race discrimination and retaliation by Defendant and/or by and through Defendant's agents, servants and/or employees, said acts being made unlawful by The Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, *et seq*. (Title VII) and The Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq*. (ELCRA)

23.     On February 7, 2023 On February 7, 2023 Plaintiff parked his car in the assigned parking area at the WCJDF.

24.     After he parked his car in a properly signed space, a woman - whom Plaintiff believes is an employee in the WCJDF building - in an adjacent car aggressively beeped her horn and verbally attacked him, yelling: "You guys are taking over;" "You guys don't belong here;" and "You fucking need to leave."

25.     During this tirade, the woman repeatedly called him "Nigger."

5

26.    Plaintiff felt threatened and scared during this interaction.

27.    When Plaintiff felt safe exiting his vehicle to go inside, after the woman was no longer present – she had moved her car to the staff parking lot from the visitor area where this tirade occured, he took photographs of the car and license plate to provide to his Employers because he planned on immediately reporting this incident.

28.    Plaintiff told the staff at the WCJDF what has occurred upon entering the building and emailed the Administration about the incident.

29.    On February 8, 2023, Plaintiff sent an email to then Facility Director, Commander Brandon Barber - the individual in charge of the WCJDF, describing what occurred the previous day.

30.    That same day, Plaintiff spoke to Crystal Perry, EEO Officer Wayne County and LaJuan Reese, HR for SEMHA.

31.    On February 9, 2023, a Sheriff's Deputy was waiting at the WCJDF and asked Plaintiff to look at a photo of a woman and asked if it was the woman from the incident.  Plaintiff responded that he could not be sure because she was wearing a mask but that the car in the photo was her car.

32.    Later that day, Plaintiff's immediate supervisor, Dr. Carla Scott, came to his office and asked him to leave and informing him that the WCJDF was conducting an investigation.

33. Dr. Scott provided no reason for the investigation nor specify what it was about or why Plaintiff, having made the complaint, had to leave work. Dr. Scott only replied that it would take a few days to "sort this out."

34. On February 10, 2023, Plaintiff received a call from SEMHA's Head of HR, LaJuan Reese directing him to stay home and not return to work since he was "still under investigation."

35. Plaintiff was stunned and upset to learn that he, himself, was "under investigation" when it was he who had reported the verbal attack and assault against him in which the woman hurled racial epithets at him.

36. Plaintiff periodically sought to speak with Dr. Scott but he received no update on his complaint nor the investigation.

37. Plaintiff also contacted La Juan Reese, head of HR but he received no update on his complaint nor the investigation.

38. Plaintiff never heard from Commander Barber in response to his report of racial harassment and threats from the incident in the parking lot on February 7.

39. On February, 23, 2023, Plaintiff was informed that he had been terminated.

40. Plaintiff was never informed of what investigation took place regarding his complaint nor what he was supposedly "under investigation" for.

41. Further, Plaintiff was never contacted to provide information or to be interviewed regarding any issue during this time.

42. The termination document, titled "Corrective Action" states, in pertinent part, that "Wayne County requested that SEMHA remove Dr. Smith from the Clinical Services program and his position, for reasons associated with the Physician performing duties outside the scope of his assigned position, effective February 22, 2023.

43. Other similarly situated employees, who were not in Plaintiff's protected class based on his race and/or color and age were not terminated.

44. During his employment, Plaintiff was subjected to disparate treatment and/or discrimination based on his race and/or color, Black, and/or his engagement in protected activity by Defendant and/or Defendant's employees, agents, and/or servants, as set forth herein.

45. The discrimination and harassment was not adequately investigated and/or remediated by Defendant and/or its agents, servants, and/or employees.

46. Plaintiff was retaliated against by Defendant and/or Defendant's employees, agents, and/or servants for complaining about discrimination and harassment.

47. Plaintiff lost lucrative job opportunities due to having to report his illegal termination from Defendants.

## COUNT I – RACE/COLOR DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 2000e, ET SEQ. (TITLE VII)

48.　Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

49.　Plaintiff is a Black man and entitled to the protections of 42 U.S.C. § 2000e, *et seq.* (Title VII).

50.　At all relevant times, Plaintiff was an employee, and Defendants were his employer, covered by and within the meaning of 42 U.S.C. § 2000e, *et seq.* (Title VII).

51.　Defendants, by and through their agents, servants and/or employees, intentionally discriminated against Plaintiff on account of his race and/or color in violation of 42 U.S.C. § 2000e, et seq. (Title VII), by the following acts:

a. discharging and/or otherwise discriminating against Plaintiff with respect to his employment, compensation or a term, condition, or privilege of employment, because of race and/or color;

b. limiting, segregating and/or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of race and/or color;

c. segregating, classifying and/or otherwise discriminating against Plaintiff on the basis of race and/or color with respect to a term, condition, or privilege of employment, including a benefit plan or system; and

d. failing to provide a work environment free from racial and/or color discrimination.

52.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has suffered bodily injury, depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

53.     As a further direct and proximate result of Defendants' violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff GARRETT SMITH, MD prays that this Honorable Court grant the following remedies:

A       declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of 42 U.S.C. § 2000e, et seq. (Title VII);

B.      award Plaintiff all lost wages, past and future, to which he is entitled;

C.      award Plaintiff compensatory damages;

D.      award Plaintiff punitive damages;

E.      award Plaintiff reasonable attorney fees, costs and interest; and

F.      award such other relief as this Court deems just and proper.

10

## COUNT II – RETALIATION
## IN VIOLATION OF 42 U.S.C. § 2000e, ET SEQ. (TITLE VII)

54.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

55.     After making complaints of race discrimination, Plaintiff was subject to retaliation and further discrimination by Defendants and their agents, servants and/or employees, including, but not limited to termination from his employment.

56.     During the time Plaintiff was employed by Defendant, Plaintiff opposed race and/or color discrimination based on Title VII.

57.     Plaintiff was subjected to discrimination and other retaliatory acts by Defendants and their agents, servants and/or employees in retaliation for his opposition to civil rights violations and having complained about race and/or color discrimination as described above, in violation of Title VII.

58.     Defendants and their agents, servants and/or employees actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

59.     Plaintiff was terminated by Defendants and their agents, servants and/or employees in retaliation for his opposition to civil rights violations, in violation of Title VII.

60.     As a direct and proximate result of Defendants' and their agents, servants and/or employees retaliation in violation of Title VII, Plaintiff has suffered bodily injury, depression, loss of standing in the community and among his peers and

11

family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

61.    As a further direct and proximate result of Defendant's and its agents, servants and/or employees retaliation, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff GARRETT SMITH, MD prays that this Honorable Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of Title VII;

    b. Award Plaintiff all lost wages, past and future, to which he is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff punitive damages;

    e. Award Plaintiff reasonable attorney's fees, costs, and interest;

    f. Award such other relief as this Court deems just and proper.

## COUNT III
## RACE AND/OR COLOR DISCRIMINATION IN VIOLATION OF ELCRA

62.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

12

63.     As an employer and/or agent within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), Defendants owed Plaintiff a duty not to discriminate against him with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of his race and/or color.

64.     Plaintiff is a Black male, and otherwise a member of a protected class entitled to the protections afforded by ELCRA.

65.     Plaintiff's race and/or color was a factor that made a difference in Defendants' decision to subject him to the wrongful and discriminatory treatment, including a hostile environment, harassment, termination and/or other disparate treatment.

66.     Defendants and their agents, representatives, and/or employees, were predisposed to discriminate on the basis of race and/or color and acted in accordance with that predisposition.

67.     While employed by Defendants, Plaintiff was subjected to race and/or color discrimination by Defendants and their agents, servants and/or employee as set forth herein, said acts being made unlawful by the ELCRA, M.C.L.A.§ 37.2101, *et seq*.

68.     Defendants and their agents, servants and/or employees, intentionally discriminated against Plaintiff on account of his race and/or color in violation of the ELCRA by the following acts:

a.     Terminating or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of race and/or color;

b.     Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of race and/or color;

c.     Segregating, classifying or otherwise discriminating against Plaintiff on the basis of race and/or color with respect to a term, condition or privilege of employment, including a benefit plan or system;

d.     Creating a hostile work environment on the basis of Plaintiff's race and/or color; and/or

e.     Failing to provide a work environment free from race and/or color discrimination.

69.     As a direct and proximate result of Defendants' violation of the ELCRA, as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

70.     As a further direct and proximate result of Defendants' violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and

ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff GARRETT SMITH, MD prays that this Honorable Court grant the following remedies:

a.  Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

b.  Award Plaintiff all lost wages, past and future, to which he is entitled;

c.  Award Plaintiff compensatory damages;

d.  Award Plaintiff reasonable attorney's fees, costs, and interest;

e.  Award such other legal and equitable relief as this Court deems just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF ELCRA

57.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

58.     Plaintiff engaged in conduct protected under the ELCRA, i.e., complaining of and opposing the discriminatory conduct of Defendants and its agents, servants, and/or employees, as set forth herein.

59.     Defendant had knowledge of Plaintiff's protected activity.

60.     Defendant subsequently took adverse, retaliatory actions against Plaintiff including, but not limited to, terminating Plaintiff.

61.     Plaintiff's protected conduct was a significant factor in Defendants' decision to retaliate against him.

62.     The retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

63.     Defendants' actions were retaliatory and in violation of the ELCRA.

64.     As a direct and proximate result of Defendants' violation of ELCRA as set forth herein, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

65.     As a further direct and proximate result of Defendants' violation of ELCRA, Plaintiff has been placed in financial distress and have suffered a loss of

16

earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff GARRETT SMITH, MD prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

b. Award Plaintiff all lost wages, past and future, to which he are entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff reasonable attorney's fees, costs, and interest;

e. Award such other legal and equitable relief as this Court deems just and proper.

## COUNT V
## WRONGFUL TERMINATION VIOLATION OF 42 U.S.C. § 1981

66. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

67. Under 42 U.S.C. § 1981, Plaintiff, a Black man, has the right to work free from racial discrimination.

17

68.     Defendants, in their failure to significantly and meaningfully address the racially hostile environment in which Plaintiff was compelled to work, violated 42 U.S.C. § 1981.

69.     Defendants violated Plaintiff's civil rights by fostering a racially hostile, intimidating and offensive environment which was not welcome and which unreasonably interfered with Plaintiff's rights to equal employment opportunity.

70.     Defendants discriminated against Plaintiff on the basis of his race and/or color, and denied him employment opportunities enjoyed by others.

71.     Defendants engaged in racially discriminatory practices toward Plaintiff with malice or with reckless indifference to their protected rights, and he is entitled to an award of punitive damages under 42 U.S.C. § 1981(a).

72.     As a result of Defendants' violation of his civil rights under 42 U.S.C. §1981, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

73.     As a further direct and proximate result of Defendants' violation of his civil rights under 42 U.S.C. §1981, Plaintiff has been placed in financial distress and have suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in

18

the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff GARRETT SMITH, MD requests that this Honorable Court grant the following remedies:

a. Declare pursuant to 28 U.S.C. § 2201 that the aforementioned practices and actions of Defendants constitute unlawful discrimination in violation of the U.S. Constitution and 42 U.S.C. § 1981;

b. Preliminary and permanent injunctive relief pursuant to Fed. R. Civ. P. 65 enjoining any further discrimination against Plaintiff because of or on the basis of his race;

c. Award Plaintiff all lost wages, past and future, to which he is entitled;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonable attorney's fees, costs, and interest; and

g. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and all relief requested in this complaint.

**BOGAS & KONCIUS P.C.**

By: /s/Brian E. Koncius_____
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Rd, Ste 160

19

Bingham Farms, MI 48025
(248) 502-5000
bkoncius@kbogaslaw.com
Date: June 9, 2023                        office@kbogaslaw.com

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GARRETT SMITH, MD,

        Plaintiff

-v-

WAYNE COUNTY, a
Municipal Corporation, and
SOUTHEASTERN MICHIGAN
HEALTH ASSOCIATION, a
Domestic Non-Profit Corporation

        Defendant.

Case No. 21-
Hon.
Magistrate

_____

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
bkoncius@kbogaslaw.com

---

## <u>JURY DEMAND</u>

Plaintiff GARRETT SMITH, MD, by and through his attorneys, Bogas & Koncius, PC, hereby demands a jury trial on all issues.

**BOGAS & KONCIUS P.C.**

By:   /s/Brian E. Koncius_____
      BRIAN E. KONCIUS (P69278)
      Attorneys for Plaintiff
      31700 Telegraph Rd, Ste 160

                                        Bingham Farms, MI  48025
                                        (248) 502-5000
                                        bkoncius@kbogaslaw.com
Date:  June 9, 2023                     office@kbogaslaw.com